TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-01-00110-CV

Larry W. Kimes, Appellant

v.

U-Haul Co. of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. 97-14037, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 

PER CURIAM

 On our own motion, we dismiss this appeal for want of jurisdiction. 

 The district court dismissed this case. Kimes filed a motion to reinstate a dismissed
case on September 13, 2000; the court did not sign an order regarding this motion. Kimes filed
his notice of restricted appeal on February 8, 2001. This Court's clerk sent a letter inquiring
about this Court's jurisdiction over this case, warning that the case could be dismissed if no basis
for jurisdiction were shown.

 Kimes cannot pursue a restricted appeal because he filed the postjudgment motion
to reinstate the case. One of the requisites for parties pursuing restricted appeals is that they must
not have filed a timely postjudgment motion. Tex. R. App. P. 25.1(d)(7)(C); see also Tex. R.
App. 30. The absence of a written ruling on the motion to reinstate does not render the motion
a nullity, but means that it was overruled by operation of law. See Tex. R. Civ. P. 165a(3).

 Kimes's notice of appeal was too late to perfect an ordinary appeal. The court
signed the dismissal order on August 14, 2000. A motion to reinstate is overruled by operation
of law if not "decided by signed written order within seventy-five days after the judgment is
signed." Tex. R. Civ. P. 165a(3). By filing a motion to reinstate, Kimes got an extended period
in which to file his notice of appeal; it was due ninety days after the judgment was signed. See
Tex. R. App. P. 26.1(a)(3). His motion for extension of time to file the notice of appeal was due
fifteen days thereafter. See Tex. R. App. 26.3. Thus, the motion to reinstate was overruled by
operation of law October 30, 2000, the notice of appeal was due November 13, 2000, and the
motion to extend was due November 28, 2000. He did not file his notice of appeal until almost
three months later.

 Because Kimes is not eligible to pursue a restricted appeal and did not timely
invoke his right to ordinary appeal, we dismiss this appeal for want of jurisdiction.

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: April 12, 2001

Do Not Publish